Port Authority of Allegheny County, Appellant
*v.* Amalgamated Transit Union Division 85, Appellees.

Argued December 6, 1979, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert E. Sheeder,* with him *James Q. Harty,* of *Reed, Smith, Shaw & McClay* and *Robert M. Brown* of *Ruffin, Hazlett, Snyder, Brown & Jack,* for appellant.

*Joseph J. Pass, Jr.* of *Jubelirer, McKay, Pass and Intriere,* for appellee.

OPINION BY JUDGE ROGERS, February 6, 1980:

The Port Authority of Allegheny County (Authority) has appealed from judgment entered against it in the Court of Common Pleas of Allegheny County effectively affirming a decision of an arbitration panel (Arbitrator) requiring the Authority to pay supplemental payment benefits to two members of the Amalgamated Transit Union, Division 85 (Union) and denying benefits to three members of the Union.

The Authority is a public body corporate and politic organized and operating pursuant to the Second Class County Port Authority Act, Act of April 6, 1956, P.L. (1955) 1414, §1 et seq., *as amended,* 55 P.S. §551 et seq. The Authority owns and operates an integrated mass transportation system throughout Allegheny County. The Union is an unincorporated labor organization representing the employees of the Authority. On February 5, 1974 the Authority and the Union entered into a collective bargaining agreement (Agreement) which governs the instant dispute.

For more than forty years the Authority provided supplemental payment benefits for up to one year to its employees who were injured during the course of their employment, but only if the employees were not contributorily negligent. Originally, these payments were in the form of necessary articles such as food, shoes, or clothing. In more recent times, the Authority has replaced these in-kind benefits with cash payments in an amount equal to the difference between the injured employee's wages and the amount of his workmen's compensation benefits. The determination of whether or not an injured employee had been contributorily negligent was made solely by the Authority. In some cases, however, the Union had asked the Authority to reconsider its decision, and in some cases the Authority acceded to the request and had changed its first determination.

In the five cases underlying this appeal the Authority denied supplemental payment benefits to the employees. The Union, for the first time in the history of these benefits, demanded arbitration. The Union asserted that the Authority had granted benefits to other employees in factual circumstances similar to the circumstances in which the five employees denied benefits here sustained injuries and hence had violated Section 102 of the Agreement, which provides, inter alia, that the parties be "fair and just in all their dealings."

The Authority proceeded to arbitration, raising two issues: (1) was the issue of the propriety of the Authority's action with respect to supplemental payment benefits arbitrable; and (2) did the Authority properly deny benefits to the five employees. The Arbitrator found that the suplemental payment benefits constituted a past practice which had been incorporated into the Agreement and that the issue of the propriety of the Authority's actions was therefore

arbitrable both under the Agreement's grievance procedure provision and under the fair and just standard of Section 102 of the Agreement. The Arbitrator then proceeded to review the merits of each of the five cases, upheld the Authority in two, in two others held that the Authority had incorrectly determined that the employees were contributorily negligent, and in the fifth case held that the employee, who had received the supplemental payment benefits for one year, was not entitled to benefits for a longer period because the past practice was to pay them only for one year. The Authority filed a Petition for Review of the Arbitrator's award in the court below. Both sides moved for Summary Judgment. The court denied the Authority's motion and granted the Union's.

The Authority, as we understand its brief, no longer challenges the Arbitrator's decision holding the issue of the propriety of the Authority's action to be arbitrable, nor would we be able to agree with the Authority if it did. "[W]here ... an arbitrator has interpreted a collective bargaining agreement in favor of the arbitrability of the grievance before him, a reviewing court should be slow indeed to disagree." *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 31-32, 381 A.2d 849, 851 (1977). There is no express provision of the Agreement excluding this particular grievance from arbitration and there is no integration clause. In *County of Allegheny v. Allegheny County Prison Employees Independent Union, supra,* the Supreme Court held that a past practice was arbitrable although the Agreement contained a clause providing that matters reserved to the employer's discretion were not grievances and another by which the employer retained all powers concerning matters not covered in the Agreement. Moreover, it seems that this dispute was arbitrable under Section 13.2 of the Second Class County

Port Authority Act, added by Act of October 7, 1959, P.L. 1256, 55 P.S. §563.2, which requires the Authority to "submit [any labor dispute] to arbitration" and which says that the term "labor dispute":

> shall be broadly construed and shall include any controversy concerning . . . working conditions or benefits, including health and welfare . . . and including any controversy concerning any differences or questions that may arise between the parties including, but not limited to . . . the terms to be included in such [collective bargaining] agreements and the interpretation or application of such collective bargaining agreements and any grievances that may arise.

We subject Arbitrator's decisions relating to collective bargaining agreements to the "essence test" which was first enunciated by the United States Supreme Court in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960), and subsequently adopted by this Court and the Pennsylvania Supreme Court. *See, e.g., Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977); *Dale v. Leechburg Area School District*, 42 Pa. Commonwealth Ct. 339, 401 A.2d 582 (1979). By this test,

> 'a labor arbitrator's award does "draw its essence from the collective bargaining agreement" if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.' (Footnote omitted.)

*Dale v. Leechburg Area School District,* 42 Pa. Commonwealth Ct. at 342, 401 A.2d at 584, *quoting Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd cir. 1969).

The Authority contends that the Arbitrator's award is in manifest disregard of the Agreement, thus failing the "essence test". We agree. As we have already written, during the long history of the welfare practice, the Authority retained the exclusive power to make the determination of whether or not to grant benefits. There is not a scintilla of evidence in the record that the past practice was otherwise. The Arbitrator indeed recognized in the fifth case earlier mentioned that he was without power to require the Authority to provide benefits for longer than one year because the past practice was that they would be paid only for a year. Curiously, when it came to the matter of the entitlement to benefits of the other four employees, the Arbitrator reviewed the circumstances and *although there was evidence in all four cases on the basis of which reasonable minded individuals might disagree as to whether or not the employees were guilty of contributory negligence,* nevertheless independently decided in two of the cases that the employees were not guilty of contributory negligence and directed the Authority to pay benefits. As we have said, the past practice was that the function of deciding whether the employee was or was not guilty of contributory evidence belonged solely to the Authority. The Arbitrator's assumption of this function was, therefore, "totally unsupported by principles of contract construction and the law of the shop." *Dale v. Leechburg Area School District,* 42 Pa. Commonwealth Ct. at 342, 401 A.2d at 584, *quoting Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969). (Footnote omitted.) Not only was it an action contrary to the past practice which committed

the decision of whether there was present evidence of disqualifying contributory negligence to the Authority alone, it was an undertaking in violation of the precept that the Arbitrator should refrain from " 'dispens-[ing] his own brand of industrial justice' ", *Community College of Beaver County,* 473 Pa. at 586, 375 A.2d at 1272, *quoting United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 596 (1960), in matters committed by practice to the Authority.

Having decided that the dispute is one which is subject to arbitration, what then do we declare as the Arbitrator's role if he may not review and overturn the Authority's denial of benefits in the presence of evidence of contributory negligence? Section 102 of the Agreement, as we have already noted, includes the agreement of the parties "to be fair and just in all their dealings." It would be manifestly unfair and an injustice should the Authority deny benefits to an employee in the absence of any evidence of contributory negligence; and upon such a record the Arbitrator can and should require the Authority to act in accordance with its past practice and pay benefits.

In the interest of completeness we make brief reference to the two cases in which the Arbitrator purported to reverse the Authority's decisions denying benefits. Thomas Sheard slipped and fell at his place of employment. There was evidence in the record that Sheard was not wearing proper foot gear and also that there was no grease or oil on the floor at the place he slipped, as he contended. Janice Johnson, a bus driver, slipped on the steps of the bus while retrieving the fare box. It had been snowing. Ms. Johnson was not wearing boots provided by the Authority for use in such weather and there was additionally some evidence (contradicted, it is true) that while the steps were wet there was no snow on them as Ms. Johnson

asserted. Clearly in each case reasonable minded persons could disagree as to whether or not the employee was guilty of contributory negligence. Evidence of contributory negligence being present in each case, the past practice required that the decision as to whether the employee was guilty of contributory negligence was one exclusively for the Authority.

Accordingly, we enter the following:

### Order

AND Now, this 6th day of February, 1980, the order of the Court of Common Pleas of Allegheny County, No. GD-77-16502, denying the Port Authority of Allegheny County's Motion for Summary Judgment and granting the Motion for Summary Judgment of the Amalgamated Transit Union, Division 85, is reversed and the record is remanded with direction that Summary Judgment be entered in favor of the Port Authority of Allegheny County.

Judge DiSalle did not participate in the decision in this case.