424 A.2d 1299

**PORT AUTHORITY OF ALLEGHENY COUNTY, Appellee,**

v.

**AMALGAMATED TRANSIT UNION, DIVISION 85, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 1, 1980.

Decided Feb. 4, 1981.

Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P. C., Pittsburgh, for appellant.

Robert E. Sheeder and James Q. Harty, Reed, Smith, Shaw & McClay, Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

In this case we are asked to review an order of the Commonwealth Court setting aside an arbitration award rendered at the close of a grievance arbitration proceeding between appellant, Division 85 of the Amalgamated Transit Union (Union), and appellee, Port Authority of Allegheny County (Authority).

This controversy arose in 1976, during the term of a collective bargaining agreement between the Union and the Authority. For more than forty years prior to this dispute, the Authority and its predecessor, Pittsburgh Railways Company, had engaged in the practice of providing supplemental assistance to employees who were absent from work due to injuries sustained in work-related accidents. This assistance, known as welfare payments, was paid only to those employees who were not contributorily negligent, and was intended to make up the difference between an employee's workmen's compensation benefits and his or her normal pay for a forty-hour work week. The determination of contributory negligence was made initially by the injured employee's supervisor, and was then subject to review by the Authority's Personnel Department. In the present case, the Union, by letter of March 12, 1976, demanded arbitration in the cases of five employees who were denied welfare payments by the Authority.

A three-man arbitration panel found in favor of two of the five employees on the issue of contributory negligence and awarded welfare payments to those employees. The Authority, seeking to vacate the arbitration award, filed a Petition for Review of Award of Arbitrator in the Court of Common Pleas of Allegheny County. Upon cross motions for summary judgment, the Court of Common Pleas granted the Union's motion and denied the motion filed by the Authority. On appeal, the Commonwealth Court reversed and directed that summary judgment be entered in favor of the Authority. *Port Authority of Allegheny County v. Amalgamated Transit Union Division 85,* 49 Pa.Cmwlth. 230, 411 A.2d 272 (1980). We granted the Union's petition for allowance of appeal and we now reverse.

The only issue in this case is whether the determination of contributory negligence is within the exclusive control of the Authority, or whether it is a proper subject of arbitration once arbitration has been demanded—*i. e.,* whether the subject matter of this dispute is within the jurisdiction of the arbitration panel, said jurisdiction being defined by the

parties' collective bargaining agreement. *See County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 31–32 & n.7, 381 A.2d 849, 851 & n.7 (1977). The holding of the Commonwealth Court on this issue in favor of the Authority was error.

■ The Arbitration Act of 1927, Act of April 25, 1927, P.L. 381, No. 248, 5 P.S. §§ 161 *et seq.,* provides the proper standard of review for the arbitration award in this case.[1] Under our prior interpretations of § 11(d) of that Act,[2] we must respect the award of the arbitration panel, including its definition of its own jurisdiction, so long as it is "in any rational way ... derived from the [collective bargaining] agreement, viewed in light of its language, its context, and any other indicia of the parties' intention...." *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977) (citation omitted).[3]

1. The Arbitration Act of 1927 applies to "any written contract to which ... any agency [of the Commonwealth] ... shall be a party." 5 P.S. § 176. Pursuant to the Second Class County Port Authority Act, Act of April 6, 1956, P.L. (1955) 1414, as amended, 55 P.S. §§ 551 *et seq.,* the Authority exercises public powers as an agency of the Commonwealth. 55 P.S. § 553(a) (Supp.1980–81). Jurisdiction, as well as the merits of an arbitration award, is subject to attack by way of a petition for review.

2. Section 11(d) permits relief from an arbitration award "[w]here the award *is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict."* 5 P.S. § 171(d).

3. The Union argues that § 10(d), rather than § 11(d), of the Arbitration Act of 1927 controls our standard of review. Section 10(d) allows a court to vacate an arbitration award "[w]here the arbitrators *exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made."* 5 P.S. § 170(d). In support of its contention, the Union cites a plurality opinion, expressing the view of only two members of this Court, which states that when a party seeks to vacate an arbitrator's award, it is "bound to seek judicial review under one of the four categories specified in section 10 of the Act." *Leechburg Area School District v. Leechburg Education Association,* 475 Pa. 413, 417, 380 A.2d 1203, 1204 (1977). We have never regarded *Leechburg* as precedent, and we decline to do so in the present case.

In this case, the arbitration panel, after concluding that the past practice of awarding welfare payments was an implied term of the collective bargaining agreement and that the five cases before it were arbitrable, undertook to "determine the matter of fault on the part of the Company and the matter of contributory negligence on the part of the employee" in each of the five grievances. Arbitration Opinion and Award at 6. In reaching the conclusion that it possessed the authority to make this determination, the panel specifically reviewed §§ 102 and 106 of the collective bargaining agreement in light of general propositions of law concerning labor relations and grievance arbitration. These sections of the collective bargaining agreement provide in pertinent part:

Section 102—Cooperation in Bargaining Relationship

The Authority agrees to meet and treat with the Union . . . on all questions, grievances, and complaints that may arise between them. . . . Both parties agree to be fair and just in all their dealings.

Section 106—Arbitration

Should any dispute arise between the parties concerning the interpretation or application of any section or sections in this agreement which cannot be adjusted, the matter shall be submitted to a board of arbitration for decision. . . .

In cases concerning welfare payments, the essence of the parties' dispute is the existence or absence of contributory negligence. The panel was justified in finding that by agreeing to meet and treat on all grievances, to be fair and just in all dealings, and to arbitrate all disputes arising under the collective bargaining agreement, the parties intended to have a arbitration panel resolve the issue of contributory negligence. We therefore find the panel's assumption of authority over the determination of contributory negligence to be rationally derived from the parties' collective bargaining agreement. Thus, while the interpretation rendered by the Commonwealth Court may also be reasonable, it is clear that the court erred is substituting its

interpretation for that of the arbitration panel.[4]  *Communi-ty College*, 473 Pa. at 597–98, 375 A.2d at 1277.

Accordingly, the order of the Commonwealth Court is reversed and the order of the Court of Common Pleas of Allegheny County is reinstated.

ROBERTS, J., filed a concurring opinion in which NIX and KAUFFMAN, JJ., joined.

ROBERTS, Justice, concurring.

Contrary to the suggestion of Mr. Justice Larsen, the issue is not whether "welfare payments" are arbitrable.  Appellee

4.  We, like the Commonwealth Court, may not substitute our inter-pretation of the collective bargaining agreement for that of the arbitrators so long as the arbitrators' interpretation is reasonable. We note, however, that the broader scope of authority assumed by the arbitration panel is, in fact, preferable to the more restrictive scheme devised by the Commonwealth Court.  The Commonwealth Court held that "the Authority retained the exclusive power to make the determination of whether or not to grant benefits," and limited the role of the arbitration panel to the review of those welfare payment cases in which the Authority had denied benefits to an employee in the absence of any evidence of contributory negligence. 411 A.2d at 275.  Only in those cases in which the Authority ac-knowledged that there was no contributory negligence, yet still refused to grant welfare payments, would an arbitration panel have any power to act.  The only function then performed by the panel would be an administrative one;  the panel would simply order the Authority to make payments that it was already bound to make in accordance with past practice.  This scheme completely ignores the true purposes of grievance arbitration:  factfinding and dispute reso-lution.

Additionally, we note that although the Commonwealth Court held that there was evidence in the disputed grievances "on the basis of which reasonable minded individuals might disagree as to whether or not the employees were guilty of contributory negligence," 411 A.2d at 275, that court still felt compelled, "in the interest of complete-ness," to reexamine the facts in those grievances and to substitute its factual conclusions on the issue of contributory negligence for those of the panel.  Under § 11(d) of the Arbitration Act of 1927, the relationship between a reviewing court and an arbitration award is the same as the relationship that exists between a reviewing court and a jury's verdict:  "findings of fact will not be disturbed if supported by evidence."  *Community College*, 473 Pa. at 589, 375 A.2d at 1273.  Since, by the Commonwealth Court's own admission, the panel's findings on the issue of contributory negligence were

Port Authority conceded that such payments are arbitrable before the Commonwealth Court. The sole issue is whether the Commonwealth Court erred in setting aside the arbitration awards. An arbitrator's award is to be affirmed if it "draws its essence from the collective bargaining agreement." *Community College of Beaver v. Community College of Beaver County Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 586, 375 A.2d 1267, 1272 (1977), quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Here the arbitrator concluded that appellee violated the parties' express agreement by making welfare payments to some eligible employees while excluding others who were equally qualified. This determination is supported by the record and, under the "essence" test, may not be disturbed.

NIX and KAUFFMAN, JJ., join this concurring opinion.

supported by evidence in the record, those findings should not have been disturbed by the Commonwealth Court on appeal.