In Re: Appeal of Portage Area Education Association (William Ramus and Patricia Rylke).

Portage Area Education Association (William Ramus and Patricia Rylke), Appellants.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*William K. Eckel,* for appellants.

*Ferdinand F. Bionaz, Bionaz, Raptosh & McGlynn,* for appellee.

OPINION BY JUDGE BLATT, August 4, 1981:

The appellant, the Portage Area Education Association (Association), filed this appeal on behalf of two teachers[1] who were suspended by the appellee, the Portage Area School District (District). The suspension was upheld by an arbitrator and then by the Court of Common Pleas of Cambria County.

The Association had filed a grievance challenging the District's suspension of the two teachers here concerned, but the District contended that the matter was not arbitrable. Extended litigation followed and our Supreme Court ultimately reversed a determination made by this Court and ordered the District to submit the matter to arbitration. *Rylke v. Portage Area School District,* 473 Pa. 481, 375 A.2d 692 (1977).

At the subsequent arbitration, the question before the arbitrator was whether or not the District had complied with Section 1124 of the School Code, 24 P.S. §11-1124,[2] when it suspended these teachers, inasmuch as the terms of the pertinent collective bargaining agreement provided that issues concerning job secu-

[1] William Ramus and Patricia Rylke.

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124.

rity were to be controlled by the provisions of the Public School Code of 1949 (School Code).[3] The arbitrator's decision upholding the suspension was affirmed by the court below and this appeal followed.

The Association contends that the arbitrator's decision was not rationally derived from the collective bargaining agreement,[4] because the District had not complied with Section 1124 of the School Code, as required by the contract, in that the suspensions in ques-

---

[3] Section 1124 of the School Code provides:

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;

(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

[4] This Court must defer to an arbitrator's decision when it is rationally derived from the collective bargaining agreement. *Port Authority of Allegheny County v. Amalgamated Transit Union*, 492 Pa. 494, 424 A.2d 1299 (1981); *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977).

tion were not prompted by a substantial decrease in pupil enrollment in the school district. 24 P.S. §11-1124(1) and (2). Such an argument is without merit.

It is not necessary under Section 1124(2) to show that all suspensions are based upon a substantial decline in enrollment. *Sporie v. Eastern Westmoreland Area Vocational-Technical School*, 47 Pa. Commonwealth Ct. 390, 408 A.2d 888 (1979). In the present case, a large number of District students began to attend a vocational-technical school in the 1972-73 school year and those students spent half of their time seeking technical training in that school and the other half receiving instruction at the Portage Area School in more basic subjects (*i.e.*, English, social studies and mathematics). As a result, the District reduced the staffs of the Industrial Arts and the Business Education Departments in the Portage Area School and the two teachers involved here were consequently suspended.

The arbitrator determined that the Department of Public Instruction (now the Department of Education) had recommended the use of vocational-technical schools to provide students with specialized training and that the alteration of the educational program under scrutiny here had been recommended by the superintendent and approved by the school board and the Department of Education. It was further determined that the requirements of Section 1124(2) had been met and the suspensions were, therefore, upheld. No dispute has been raised as to these findings and we must, therefore, hold that the arbitrator properly determined that the District complied with the School Code provisions governing suspensions. *See Sporie v. Eastern Westmoreland Area Vocational-Technical School, supra.*

We will affirm the order of the court below.

## ORDER

AND Now, this 4th day of August, 1981, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby affirmed.