In Re: Appeal of Rose Tree Media School District. Rose Tree Media Education Association, Appellant.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Alexander DiSanti, Richard, Brian, DiSanti & Hamilton*, for appellant.

*Joseph A. Damico, Jr., Petrikin, Wellman, Damico & Carney*, for appellee.

OPINION BY JUDGE MENCER, March 4, 1982:

In 1978, Mary Margaret Hamill, a teacher in the Rose Tree Media School District (District), attended a course given by the Indiana State University of Pennsylvania and thereafter filed a request with the District for tuition reimbursement. The Superintendent denied her request on the ground that it was not "consistent with the qualifications as written in Article VI(I).(1)" of the collective bargaining agreement, which provides, in pertinent part, as follows:

Board shall reimburse 100% of tuition up to $250. per teacher per year for all teachers who

have completed two or more years as employes in the district.... Courses submitted for reimbursement must be approved by the Office of the Superintendent as directly beneficial to the teacher in his specialized field and to the district as a whole.

The Rose Tree Media Education Association (Union) then filed a grievance on behalf of Hamill, which ultimately proceeded to arbitration, in accordance with the terms of the collective bargaining agreement. The arbitrator sustained the grievance and directed the District to reimburse Hamill for her tuition costs. On appeal by the District, the Court of Common Pleas of Delaware County vacated the arbitrator's award and denied Hamill's grievance. We reverse the order of the lower court and reinstate the arbitrator's award.

In his opinion, the abitrator noted that the Union took the position that Article VI(I)(1) of the collective bagaining agreement provides for tuition reimbursement where the study "is beneficial to the individual teacher in the performance of her duties and to the school district;" the District took the position that the agreement provides for tuition reimbursement only where the School Superintendent determines, in his discretion, that the study is beneficial to the "teacher in his specialized field as well as to the district as a whole." The arbitrator later indicated that the issue presented for arbitration was not whether the Superintendent abused his discretion in denying reimbursement, but whether the course attended by Hamill met the standards of the agreement, in the opinion of the arbitrator. The arbitrator concluded that the standards of the agreement were met, by determining that the topics studied were directly beneficial to Hamill in her position as a high school faculty member.

The lower court vacated the award on the basis that "[a] review of the contract indicates a clear intent to vest discretion in the superintendent with regard to the issue of tuition reimbursement.... In overruling the decision of the superintendent, the arbitrator usurped this 'bargained for' discretion of the superintendent." We cannot agree with the lower court's conclusion.

It has been held repeatedly that judicial review of an arbitrator's decision is highly circumscribed, and the award will not be overturned if it draws its essence from the collective bargaining agreement. *Ringgold Area School District v. Ringgold Education Association*, 489 Pa. 380, 414 A.2d 118 (1980). Provided that the award is rationally derived from the collective bargaining agreement in light of its language, context, or other indicia of the parties' intention, we must respect the arbitrator's decision. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977).

In *Port Authority of Allegheny County v. Amalgamated Transit Union, Division 85*, 492 Pa. 494, 424 A.2d 1299 (1981), our Supreme Court dealt with an issue similar to that present here. The Port Authority had developed the practice of providing supplemental assistance to employees who were absent from work due to injuries sustained in work-related accidents for which they were not contributorily negligent. The injured employee's supervisor made an initial determination of contributory negligence, which was then subject to review by the Port Authority's Personnel Department. The Union demanded arbitration in the cases of five employees who had been denied supplemental assistance by the Port Authority. An arbitration panel found that two of the five employees had not been contributorily negligent and awarded supplemental assistance to those employees. The Port

Authority argued on appeal that the arbitrator's award did not draw its essence from the collective bargaining agreement, since the Port Authority had retained the exclusive power to make the determination of whether or not to grant supplemental assistance. In rejecting this argument, the Supreme Court stated as follows:

> The panel was justified in finding that by agreeing to meet and treat on all grievances, to be faïr and just in all dealings, and to arbitrate all disputes arising under the collective bargaining agreement, the parties intended to have an arbitration panel resolve the issue of contributory negligence. We therefore find the panel's assumption of authority over the determination of contributory negligence to be rationally derived from the parties' collective bargaining agreement.

*Id.* at 498, 424 A.2d at 1301. The Court further noted that a contrary holding would ignore the true purposes of grievance arbitration, *i.e.*, factfinding and dispute resolution, since the arbitration panel would be empowered to act only where the Port Authority acknowledged the lack of contributory negligence but still refused to grant supplemental assistance.

In the instant case, the collective bargaining agreement likewise establishes grievance procedures culminating in binding arbitration for all alleged violations of the agreement. We therefore are satisfied that the arbitrator's assumption of authority over the determination of the beneficial nature of the course taken by Hamill is rationally derived from the parties' collective bargaining agreement.

The District maintains that, even if the arbitrator's award draws its essence from the collective bargaining agreement, it may be set aside if the award exceeds the scope of the issues submitted to arbitration. *Sley System Garages v. Transport Workers Union of*

*America*, 406 Pa. 370, 178 A.2d 560 (1962). In determining what issues were submitted to the arbitrator, because of the policy favoring the finality of an arbitrator's decision, the court, however, may not construe the documents setting forth a grievance in the same way that it would construe a pleading filed in a court of law. *Cole v. United Steelworkers Local 4407*, 441 F. Supp. 1346 (M.D. Pa. 1977), *aff'd mem.*, 588, F.2d 819; 588 F.2d 823 (3d Cir. 1978). The grievance report filed by the Union alleged only that Article VI(I) of the collective bargaining agreement was violated by the District's denial of tuition reimbursement. The record contains no documentary evidence indicating that the District intended only to arbitrate whether the Superintendent had abused his discretion in denying reimbursement.[1] We therefore cannot agree that the award exceeded the scope of the issues submitted to arbitration.

We finally reject the District's argument that the arbitrator's award fails the "essence test" because it did not determine whether the course was beneficial to the District as a whole. As his summaries of the parties' positions indicate, the arbitrator did not overlook the requirement in the collective bargaining agreement that the course must be "beneficial to the teacher in

---

[1] The hearing before the arbitrator was not transcribed. While the District thus may have orally argued at the hearing that the arbitrator only should decide whether the Superintendent abused his discretion, the arbitrator could have concluded that only written grievances are arbitrable, thereby foreclosing any oral modification of the submission. This conclusion would be justified on the basis that the collective bargaining agreement provides for a written grievance procedure and prohibits oral modification of the agreement. *See Int'l Fed'n of Professional & Technical Eng'rs, Local 241 v. RCA Corp.*, 461 F. Supp. 957 (E.D. Pa. 1978), *aff'd mem.*, 605 F.2d 1195 (3d Cir. 1979). *See also Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Local 1*, 611 F.2d 580 (5th Cir. 1980).

his specialized field and to the District as a whole." The arbitrator pointed out that his duty was to determine whether the course met the standards of the agreement. That he did not detail in his opinion the ways in which the course benefited the District "as a whole" does not mean that the award fails to draw its essence from the agreement. Indeed, it is the *award* rather than the conclusion or specific reasoning employed that a court must review. *See International Federation of Professional & Technical Engineers, supra* note 1.

The order of the lower court is reversed; the arbitrator's award is reinstated.

### ORDER

AND NOW, this 4th day of March, 1982, the order of the Court of Common Pleas of Delaware County, dated October 16, 1980, vacating the arbitrator's award, is reversed, and the arbitrator's award sustaining the grievance of Mary Margaret Hamill is reinstated.

Judge PALLADINO did not participate in the decision in this case.

