Division 85 of the Amalgamated Transit Union,
Appellant *v.* Port Authority of Allegheny County,
Appellee.

Argued October 6, 1982, before President Judge
CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P.C.,*
for appellant.

*Paul M. Puskar, Baskin and Sears, P.C.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 8, 1983:

The Allegheny Common Pleas Court, by order, sustained the preliminary objections of the Port Authority of Allegheny County (Port Authority) and dismissed Division 85 of the Amalgamated Transit Union's (Union) petition without leave to amend. The Union appealed. We affirm.

Edward Foster, a Port Authority employee, terminated his employment rather than face disciplinary proceedings. Afterwards, he sought to rescind his termination so that he could elect early retirement under the collective bargaining agreement. The Port Authority refused to allow Foster to withdraw his resignation. When Foster requested early retirement, the retirement board was unable to reach a unanimous decision and the issue of his eligibility was submitted to arbitration.

The arbitrator concluded that Foster was a separated employee and thus was not entitled to early retirement benefits. He further concluded that, under the collective bargaining provision dealing with separated employees, he was only entitled to recover his contributions to the retirement fund. The Union then filed a motion to vacate[1] or modify[2] the arbitrator's award. The Port Authority filed preliminary objections in the nature of a demurrer, which the trial court sustained without leave to amend.

A demurrer, which tests a complaint's legal sufficiency, is an assertion that the pleading

---

[1] 42 Pa. C. S. §7314 provides for vacation of an arbitrator's award by the trial court.

[2] 42 Pa. C. S. §7315 provides for modification or correction of an arbitrator's award.

does not set forth a cause of action upon which relief can be granted . . . and admits every well-pleaded material fact plus all reasonable inferences therefrom. (Citations omitted.)

*Raneri v. DePolo,* 65 Pa. Commonwealth Ct. 183, 185, 441 A.2d 1373, 1375 (1982). We agree with the trial court that the bulk of the Union's complaint consists of "merely argumentative conclusions, as opposed to properly pleaded statements of fact."

Further, the Union's principal averment of its petition that the arbitrator exceeded his powers and rewrote the parties' agreement is unsupported by facts. However, the law in this Commonwealth is clear that if the arbitrator's award draws its essence from the collective bargaining agreement and can in any way be rationally derived from that agreement, a court may not substitute its interpretation for that of the arbitrator. *See Scranton Federation of Teachers, Local 1147, AFT v. Scranton School District,* Pa. , 444 A.2d 1144 (1982); *Port Authority of Allegheny County v. Amalgamated Transit Union,* 492 Pa. 494, 424 A.2d 1299 (1981); *Appeal of Rose Tree Media School District,* 65 Pa. Commonwealth Ct. 148, 442 A.2d 23 (1982). We thus hold that the trial court properly sustained the Port Authority's preliminary objections.

We also conclude that leave to amend the complaint was properly denied. Leave to amend a complaint is discretionary with the court unless the complaint has been amended within ten days of the filing of preliminary objections. Pa. R.C.P. No. 1028. "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." *Otto v. American Mutual Insurance Co.,* 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). Considering the facts and the law, we must conclude that the Union could only put forth in perhaps different terms the same cause of action already posited,

*i.e.,* that the arbitrator mistakenly interpreted the collective bargaining agreement thus exceeding his powers.

We repeat that this Court cannot substitute its judgment for that of the arbitrator.

> The parties to this collective bargaining agreement had bargained for the arbitrator's construction, not the court's; thus a court has no business intruding into the domain of the arbitrator because its interpretation of the agreement differs from his.

*Scranton Feredation of Teachers* at ——, 444 A.2d at 1147.

We conclude that the trial court properly sustained the preliminary objections and dismissed the complaint without leave to amend.

Affirmed.

### ORDER

The order of the Allegheny Common Pleas Court No. GD81-27886 filed February 16, 1982, is affirmed.

Judge MacPhail concurs in the result only.