## City of Reading v. Fraternal Order of Police, Lodge No. 9

*David A. Binder,* for petitioner.
*Terry L. Parish,* for respondent.

SCHAEFFER, *P.J.*, August 7, 1985—Before the court is the city of Reading's petition to vacate the award of the arbitrator arising from the grievance of Harry P. Storch, Jr. and others, numbered "2-84." We deny the petition.

There are two issues involved. First, whether the arbitrator's award drew its "essence" from the collective-bargaining agreement between petitioner and respondent and, second, whether the arbitrator properly entered an award in favor of 11 officers, when only one officer was specifically named in the original grievance.

We adopt the facts as found by the arbitrator. Briefly stated, they are as follows: Officer Storch is a policeman employed by petitioner who, along with 10 fellow officers, was transferred from day shift to night shift on January 2, 1984. He alleged this was done in retaliation for his recently concluded unsuccessful bid for mayor of Reading, a campaign in which the other 10 officers participated on his behalf. He claimed that this violated the collective agreement between petitioner and respondent, since it did not take into account his seniority.

Petitioner argued that the agreement gives it unfettered discretion in assigning officers to various shifts, regardless of seniority, and that seniority is at most one factor in shift assignment.

The arbitrator found that petitioner's practice ever since the shift assignments had been made permanent had been to honor seniority in the bids for shift assignment. He found that its transfer of the 11 officers was done without regard for seniority and concluded that this constituted "discipline." He found no "proper cause" for this discipline. He held that this violated Article III, section 1 of the collective-bargaining agreement and on that basis granted the officers the relief requested.

## A

This decision derives its "essence" from the collective-bargaining agreement. Article III, Section 1 explicitly forbids discipline without proper cause. To find for the officers as he did, the arbitrator did not "chang[e] the language of the contract or [add] new and additional provisions." A.F.S.C.M.E. District Council 84, AFL-CIO v. City of Beaver Falls, 74 Pa. Commw. 136, 459 A.2d 863 (1983). The arbitrator did not rewrite the agreement to require petitioner to prove "just cause" for each employee shift transfer. He merely made a finding of fact that *this* transfer constituted a disciplinary action, and then applied the "proper cause" standard according to the terms of the agreement.

Petitioner correctly points out that an arbitrator may not make an award that exceeds the scope of the issues presented to him, Carr v. Joyce, 74 D.&C. 2d 288 (1975), Sley Systems Garages v. Transport Workers Union of America, 406 Pa. 370, 374, 178 A.2d 560, 561 (1962), and that the arbitrator in the case at bar arguably transgressed that rule by bas-

ing his ruling on Article III instead of Article V (seniority), which was the stated basis of the grievance.

The issue presented to the arbitrator was whether petitioner had the unfettered discretion to assign its officers to various shifts, regardless of seniority. While the arbitrator did not specify that Article V was violated, he specifically held that petitioner's discretion was subject to those officers' "seniority status." This formed the basis for his later ruling on Article III. He therefore ruled in favor of the officers on their Article V claim, and by so doing properly concluded that petitioner had no basis for acting as it did. We find that the Article V violation amply justifies the arbitrator's award.

## B

When the grievance in this case was filed, it began as follows:

"Officer Harry P. Storch, Jr. is the main grievant, however, this grievance is being filed on behalf of all employees transferred (sic) off the shift they were assigned to accordingly to seniority bidding, and past practice."

This statement is ineffective to begin multiple grievances, according to the Collective-Bargaining-Agreement, Article VI, §6(a):

". . . a single grievance may be processed and the facts of the additional grievances may be presented directly in Step 1 or Step 2. Such additional grievances must be signed by each grievant, whereby such grievant agrees to be bound by the outcome of the original grievance."

The arbitrator held that petitioner, by not objecting to this defect before the arbitration hearing, waived its right to object. We agree with his holding. The original grievance clearly put petitioner on notice of multiple grievances. Petitioner had a list of

the officers who were aggrieved, before the hearing. All those officers complied with Article VI, §6 immediately before the hearing (opinion of the Arbitrator, p. 7), and so bound themselves by the arbitrator's decision. The proper time for petitioner to have objected was during Step 1 or Step 2; it also had two months between the appeal to the arbitrator and the hearing, within which to object.

## CONCLUSION

The award of the arbitrator was properly entered. We therefore deny the petition to vacate.

## ORDER

And now, this August 7, 1985, the petition of the City of Reading to vacate the arbitrator's award of June 13, 1984, entered in favor of Officer Harry P. Storch, Jr. and 10 other officers employed by the City of Reading, is hereby denied.