455 A.2d 625

**PHILADELPHIA HOUSING AUTHORITY, Appellant,**

v.

**UNION OF SECURITY OFFICERS # 1.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1982.
Decided Jan. 28, 1983.

James M. DeLeon, Philadelphia, for appellant.

Ronald L. Wolf, Philadelphia, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

At issue on this appeal is the validity of an award of an arbitrator which reinstated a security officer employed by appellant Philadelphia Housing Authority whom the Authority had discharged. The Authority's petition to modify or correct the arbitrator's award was denied by the Court of Common Pleas of Philadelphia, and the denial was affirmed by a divided panel of the Commonwealth Court. *Philadelphia Housing Authority v. Union of Security Officers No. 1*, 55 Pa.Cmwlth.Ct. 640, 423 A.2d 1123 (1980). We granted

allowance of appeal, and now reverse the order of the Commonwealth Court and vacate the award of the arbitrator.

The security officer, Richard Green, was discharged on March 27, 1979, for allegedly using his position to obtain for his own benefit $900 belonging to Henry Herbert, an elderly resident at the housing project where Green had worked. Following Green's discharge, appellee Union of Security Officers No. 1 sought reinstatement of Green pursuant to the grievance procedure provided in the collective bargaining agreement between the parties. The agreement provided that "[t]he Authority may for just cause take whatever disciplinary action it deems appropriate at its discretion." When the parties failed to reach an agreement, the union invoked its right to arbitration.

At the arbitration hearing, the arbitrator found that Green, by virtue of a relationship of trust and confidence with Herbert, had induced Herbert to deposit $900 in a joint bank account, ostensibly as a fund for Herbert's funeral expenses, that Green had withdrawn the money for his own use, and that Green had lied to his employer during the investigation of his conduct. Despite these findings, the arbitrator reinstated Green without loss of seniority or other benefits, believing that the loss of back pay for the eight months during which Green had been suspended was "sufficient punishment."

The arbitrator's reinstatement of Green was apparently based on the arbitrator's finding that Green had induced Herbert to part with his money by playing on their personal friendship and not, as alleged by the Housing Authority, by taking advantage of his position as a security officer. Such a distinction, however, does not mitigate the severity of the offense or justify the arbitrator's reversal of the Authority's decision to discharge a dishonest employee. The defrauding of an elderly tenant, whether friend or stranger, by a housing authority security officer is unquestionably conduct justifying the officer's discharge. Indeed, such dishonest conduct constitutes an affront to the integrity of the entire Housing Authority security force.

█ It is well settled that an arbitrator's award will be upheld if the arbitrator's interpretation of the collective bargaining agreement is reasonable. See, e.g., *International Brotherhood of Firemen and Oilers, AFL–CIO Local 1201 v. School District of Philadelphia*, 465 Pa. 356, 350 A.2d 804 (1976). Here, however, it is manifestly unreasonable to conclude that the Housing Authority could have intended to bargain away its absolute responsibility to ensure the integrity of its housing security force by discharging an officer who has defrauded one of the very people whom he is paid to protect. Having found that security officer Green had defrauded an elderly tenant and then lied about his conduct, the arbitrator was without authority to overturn the Authority's discharge of Green. As the arbitrator's decision to reinstate Green was unjustified by any terms that were or could properly have been contemplated by the parties to the collective bargaining agreement, the order of the Commonwealth Court affirming that decision must be reversed, and the award of the arbitrator vacated.

Order of the Commonwealth Court reversed, and the award of the arbitrator vacated.

Former Chief Justice O'BRIEN did not participate in the decision of this case.