AFSCME COUNCIL 65, LOCAL UNION NO. 667, AITKIN COUNTY COURTHOUSE EMPLOYEES, AFL–CIO, Appellants,

v.

AITKIN COUNTY, Minnesota, Respondent.

No. C6–84–299.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Gregg M. Corwin, St. Louis Park, for appellants.

John R. Leitner, Aitkin County Atty., Aitkin, for respondent.

Heard, considered and decided by PARKER, FORSBERG and RANDALL, JJ.

## OPINION

PARKER, Judge.

This case involves the question of a trial court's role upon appeal from an arbitration award.

Richard Hejny, an employee of Aitkin County and a member of the bargaining unit represented by appellant AFSCME, received notice that his position would be eliminated. Hejny filed a grievance alleging violations of several clauses of the collective bargaining agreement (including the seniority clause) and specifically charging that the County violated the contract by subcontracting out work normally performed by Hejny.

The matter was heard before an arbitrator who decided that the County violated Hejny's seniority rights and ordered him reinstated to his position full-time and paid full back wages and benefits.

The County did not comply, and AFSCME sued in district court, alleging an unfair labor practice. Aitkin County moved to vacate or, in the alternative, to modify the award on grounds that the arbitrator exceeded his authority. The trial court vacated part of the award and remanded for additional evidence on the seniority issue. We reverse.

## FACTS

AFSCME is an employee organization as defined in Minn.Stat. § 179.63, subd. 5 (1982), and was certified as the exclusive representative of Aitkin County courthouse employees. Aitkin County, Minnesota, is a public employer as defined in Minn.Stat. § 179.63, subd. 4 (1982). AFSCME and Aitkin County entered into a collective bargaining agreement which required binding arbitration of grievances.

Richard Hejny became an employee of the Aitkin County Parks and Land Department in 1971, and in 1975 he became assistant park foreman. On December 7, 1982, Hejny received notice that his position would be eliminated on December 31, 1982. Hejny filed a written grievance pursuant to the collective bargaining agreement through AFSCME Council 65. At the time the grievance was prepared it was understood that Hejny's winter work was to be contracted out to private snowmobile clubs and his summer work was to be contracted out to a private corporation; thus, the grievance alleged:

A violation of the contract between the Aitkin County Board of Commissioners and AFSCME, Council # 65, Local # 667, AFL–CIO including but not limited to Article I, Article II, Article III, Article IV, Article VI, Article XII, and Article XIV and Minnesota Statutes 179.68, Subd. 2, (5). The subcontracting out of work normally performed by the above employee violates the contract as a whole and its several express related provisions.

Article XII is the seniority clause. AFSCME asked that Hejny be reinstated to his position with no loss of pay or fringe benefits and otherwise made whole.

In April 1983 an arbitration hearing was held wherein it became clear that the County intended that current employees, some of whom were junior to Hejny, would be doing the summer work. The parties disagree as to whether the County informed AFSCME of this fact before the hearing; however, AFSCME appeared to have been surprised. This prompted the arbitrator to initiate questioning on the seniority issue. Aitkin County's attorney objected; however, he did not ask for a continuance or recess in the proceedings to prepare evidence on the issue.

The arbitrator found that the reassignment of Hejny's summer work constituted

a violation of the seniority provisions of the collective bargaining agreement. He directed the County to reinstate Hejny to all of his former duties except those directly connected with the maintenance of the snowmobile trails and to make him whole as to all back benefits and wages.

Aitkin County did not reinstate Hejny to full-time employment but, rather, used him on an intermittent and part-time basis; it did not comply with the back pay award. The County did not request another arbitration hearing or a clarification of the award.

In September 1983 AFSCME filed suit against Aitkin County under Minn.Stat. § 179.68, subd. 1 (1982), alleging an unfair labor practice for refusing to implement the terms of the arbitration award. AFSCME also moved for a temporary injunction seeking to compel the County to comply with the award pending a trial on the merits. The motion was denied. Aitkin County filed an answer and application to vacate or, in the alternative, to modify the arbitration award under Minn.Stat. §§ 572.19 and 572.20 (1982), alleging that the arbitrator exceeded his powers by considering the seniority issue. The County alleged that the question of Hejny's seniority rights being violated was neither submitted to it nor to the arbitrator before the hearing, and as a result the County was not able to adequately prepare evidence on the point.

At the trial Aitkin County was allowed to present evidence which it allegedly would have presented to the arbitrator if timely notice of the seniority issue had been given. This evidence tended to show that most of Hejny's summer work was being performed by employees senior to him.

The trial court found that the arbitrator had authority to consider the seniority issue but conducted the hearing so as to substantially prejudice the rights of the County in violation of Minn.Stat. § 572.19, subd. 1(4). It vacated the portion of the arbitration award dealing with reassignment of summer work to junior employees and remanded the dispute for reconsideration of the seniority issue and Hejny's entitlement to full reinstatement and back pay. AFSCME appeals from this judgment.

## ISSUE

Did the trial court err in vacating and remanding a portion of the arbitration award after finding that the arbitrator substantially prejudiced Aitkin County's rights?

## DISCUSSION

■ The Uniform Arbitration Act, Minn. Stat. §§ 572.08–.30 (1982), governs judicial interference with the arbitration process. *Ramsey County v. AFSCME, Council 91, Local 8*, 309 N.W.2d 785, 789 (1981). The trial court vacated a portion of the arbitrator's award and remanded for rehearing pursuant to Minn.Stat. § 572.19, subds. 1(4) and 3, which state in relevant part:

Subdivision 1. Upon application of a party, the court shall vacate an award where:

 *  *  *  *  *  *

(4) The arbitrators * * * so conducted the hearing, contrary to the provisions of section 572.12, as to prejudice substantially the rights of a party; * * *

 *  *  *  *  *  *

Subd. 3. * * * [I]f the award is vacated on grounds set forth in clauses (3) and (4) of subdivision 1, the court may order a rehearing before the arbitrators who made the award * * *.

Section 5 of the Uniform Arbitration Act, codified at Minn.Stat. § 572.12, sets out hearing procedures that include the right of a party to be heard and present material evidence.

■ The law in Minnesota is absolutely clear that where the parties have bargained for arbitration, the arbitrator is the final judge of both law and fact with respect to the merits of a dispute, in the absence of any agreement limiting his authority. *See State v. Berthiaume*, 259 N.W.2d 904, 910 (1977). Therefore, the trial court's proper role on appeal * * * is solely to determine whether specific language in the agreement or sub-

mission precludes the arbitrator from deciding the case as he did. "[C]ourts will not overturn an award merely because they may disagree with the arbitrators' decision on the merits."

*City of Bloomington v. Local 2828, AFSCME,* 290 N.W.2d 598, 602 (Minn.1980) (quoting *Children's Hospital, Inc. v. Minnesota Nurses Association,* 265 N.W.2d 649, 652 (Minn.1978)).

The trial court found that the arbitrator had authority to decide the seniority issue because a seniority clause violation was cited in the written grievance:

> Granted this general citation in the midst of a list of citations does not provide the County with notice of the gravamen of the Union's claim, but it is sufficient under the contract to provide the arbitrator with jurisdiction, that is with authority, to consider and decide the seniority issue. The nature of the grievance procedure an informal, non-judicial method of reaching accomodation on employment disputes militates against strict, legalistic interpretation of documents and proceedings. Courts have held that the technical rules of pleading do not apply in grievance situations * * *.

Notwithstanding this finding, the trial court concluded that the informality of the prehearing procedures and the arbitrator's handling of the seniority issue during the hearing substantially prejudiced the County's right to a full hearing. This conclusion was apparently based on the evidence which the county had not presented to the arbitrator but was allowed to present at trial.

■ The trial court's decision was clearly a judgment on the merits and thus invaded the jurisdiction of the arbitrator. The trial court's proper role precluded such judgment, the parties having bargained for a decision by the arbitrator, not the court. Since the specific language in the bargaining agreement did not preclude the arbitrator from deciding the case as he did, the trial court exceeded its power of review by considering the merits.

■ Furthermore, an arbitration award is presumed valid and "will not be vacated unless it clearly appears that it was the result of fraud or because of some misfeasance or malfeasance or wrongdoing" on the part of the arbitrator. *Mork v. Eureka-Security Fire & Marine Ins. Co.,* 230 Minn. 382, 391, 42 N.W.2d 33, 38 (1950). *See also Ramsey County v. AFSCME, Council 91, Local 8,* 309 N.W.2d at 790; *Children's Hospital,* 265 N.W.2d at 652. It simply has not been shown that the arbitrator so prejudiced the County's rights as to justify vacating the award. Since the seniority issue was properly before the arbitrator, as the trial court found, the County should have been prepared. If the County was unprepared, it could have requested a recess, a continuance, another hearing or clarification of the award. There are any number of steps the County could have taken to get its evidence on the seniority issue before the arbitrator. It took none of them, although it did argue the issue in a post-trial brief.

The County was not in a position to claim that it lacked information needed to prepare for the hearing. The County knew the summer subcontracting issue was moot at the time of the arbitration and that some of the County employees doing Hejny's summer work were junior to him. Thus, the County's sole argument is that it was not prepared with evidence on an issue of which it knew or should have known more than did the grievant. In such a posture, invocation of due process complaints appears disingenuous.

### DECISION

■ The trial court erred in vacating and remanding a portion of the arbitration award. The arbitrator properly considered the seniority issue, since it appeared that the County knew or should have known of the issue but did not avail itself of any of the appropriate procedures to place its evidence before the arbitrator.

Reversed and arbitration award ordered reinstated.