518 A.2d 874

Minersville Area School District, Appellant *v.* Minersville Area School Service Personnel Association, Appellee.

Argued September 11, 1986, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Edward E. Kopko,* with him, *S. John Price, Jr., Law Offices of James J. Curran,* for appellant.

*A. Martin Herring,* with him, *John J. Donohue, Herring and Donahue,* for appellee.

OPINION BY JUDGE COLINS, December 10, 1986:

In September of 1982, the Minersville Area School District (School District) awarded Stanley Adams (Adams) the position of full-time custodian, a transfer from that of part-time custodian. Pursuant to School District policy, Adams was required to undergo a physical examination to determine whether he could perform the duties of a full-time custodian.

The examining physician found Adams to be physically incapable of performing his duties as a full-time custodian because of pre-existing back ailments.[1] Adams was subsequently discharged for allegedly misrepresenting his physical condition to the School District. Acting on behalf of member Adams, the Minersville Area School Service Personnel Association (Associ-

---

[1] Adams' symptoms include difficulty in lifting, bending, prolonged sitting and standing resulting from herniated discs.

ation) filed a grievance, and a hearing was held before an arbitrator. On May 12, 1983, the arbitrator rendered a decision reinstating Adams to his position and penalizing the School District for their breach of the Collective Bargaining Agreement.

The School District filed a Petition to Vacate or Alternatively Modify the Arbitration Award with the Court of Common Pleas of Schuylkill County. The trial court partially vacated and partially affirmed the award. The School District now appeals to this Court, asserting that the entire award should have been set aside by the trial court. It also has submitted an Application for Relief in the Form of a Request for Remand for Additional Testimony to this Court.

This Court's scope of review of an arbitrator's award is circumscribed. An award based on an interpretation of a collective bargaining agreement must be accepted by the courts if the interpretation can in any rational way be derived from the agreement, viewed in light of its language and context and any other indicia of the parties' intent. *International Brotherhood of Firemen & Oilers, Local 1201, AFL-CIO v. Board of Education of the School District of Philadelphia*, 500 Pa. 474, 457 A.2d 1269 (1983); *Ringgold Area School District v. Ringgold Education Association, PSEA/NEA*, 489 Pa. 380, 414 A.2d 118 (1980). The School District argues before this Court that the arbitrator's award constitutes such an abuse of discretion that it should be deemed irrational as a matter of law. We do not agree.

In examining the arbitration award, we must first note that the School District concedes that Award Item 1, finding that the grievance was arbitrable, is correct. In *Neshaminy Federation of Teachers v. Neshaminy School District*, 501 Pa. 34, 462 A.2d 625 (1983), our Supreme Court held that if the collective bargaining agreement did not encompass the question of an employee's dismissal, then such dismissal actions would not

be arbitrable and the arbitrator would have no authority to address such question. In that case the collective bargaining agreement specifically dealt only with an employee's "discipline, reprimand, reduction in rank, contractual compensation or contractual advantage."

This Court held in *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County*, 62 Pa. Commonwealth Ct. 528, 437 A.2d 105 (1981), that where the collective bargaining agreement specifically provides only for actions in matters of unjust suspension or discharge, a matter of "disqualification" is not arbitrable because it does not fall within the terms of the agreement.

In the instant matter, the collective bargaining agreement specifically provides: "No member of the bargaining unit shall be disciplined, reprimanded, reduced in the rank of compensation, or deprived of any advantage unless provided for in the laws of the Commonwealth of Pennsylvania." There is no mention made in the agreement for matters of dismissal. However, because the parties have agreed that the grievance is arbitrable, and such is an interpretation of the collective bargaining agreement itself, *Neshaminy* and *Division 85* are not controlling, and this Court will not address this issue.

We shall discuss each of the remaining Award Items *seriatim,* which read as follows:

2. The record does not support the discharge of Stanley Adams under Article IV, Section 7 of the agreement.

3. Stanley Adams shall be reinstated with full seniority and back pay as computed in accordance with this decision.

4. Stanley Adams shall be made whole for any expenses incurred during his suspension which would have been covered under the District's benefit package.

5. The District, at its expense, shall send Stanley Adams to Dr. Eugene Mikus at the Clymer Clinic, Quakertown, Pennsylvania for such observation as Dr. Mikus may determine advisable in light of this decision.

6. The District violated Article II, Section 1 of the agreement when it refused to provide the Association with the report of its doctor and other relevant documents.

7. The District violated Article V of the contract when it failed to participate in making arrangements for the arbitration hearing.

8. The District shall pay the Association one thousand dollars for these contract violations.

In considering Award Item 2, we note that the School District asserted before the arbitrator that Adams could be dismissed under the agreement because he misrepresented his physical condition to the School District. Thus, the specific issue before the arbitrator was whether Adams was properly dismissed by the District for significantly misrepresenting his physical condition to the District at the time that he was hired, and not whether Adams was properly dismissed for his alleged inability to perform his job duties.

The arbitrator specifically found that Adams had worked for the District for several years and performed heavy work without any ill effects, and had spoken freely about his medical history. Therefore, finding that Adams had not misrepresented his physical condition to the District, the arbitrator concluded that the District, upon its realization that it might incur some workmen's compensation liability, dismissed an employee who was performing his duties on some spurious and fabricated excuse. The District bargained for the expertise of the arbitrator, and we cannot say that his crucial finding that the School District could not dismiss an employee

who never misrepresented his physical condition to it was not rationally derived from the essence of the agreement.

Award Items 3 and 4 are merely the solution to the infraction chronicled in Award Item 2, and are likewise derivative of the essence of the agreement.

Award Item 5 was vacated by the trial court as being without the arbitrator's scope of power as delineated in the agreement. Neither party contests the trial court's action in this regard; therefore, we need not address its resolution of such.

Award Items 6 and 7 chronicle contract violations for which the arbitrator imposed the penalty outlined in Award Item 8. The trial court vacated Award Item 8 as being beyond the arbitrator's power to impose under the agreement. Neither party contested the trial court's resolution of this item; therefore, we need not address it. Without the assigned penalty, Award Items 6 and 7 have no practical effect. They in no way affect the status of employee Adams. It is thus irrelevant whether these Award Items can be rationally derived from the agreement, and we decline to address these issues due to their mootness.

It is clear from the preceding discussion that only Award Items 2-4 are relevant to Adams' case, and, as we have determined that they are rationally derived from the agreement, we must affirm the decision of the trial court.

In considering the School District's request for a remand for consideration of new evidence, we note that the "new" evidence is the result of a physical exam of Adams, such report being received subsequent to the trial court's disposition of the case. A petition to reopen a case or to grant a new trial in order to receive after-discovered evidence should be granted where that evidence (1) is new; (2) could not have been obtained at

trial in the exercise of due diligence; (3) is relevant and non-cumulative; (4) is not for the purposes of impeachment; and (5) must be likely to compel a different result. *Township of Perkiomen v. Mest,* 92 Pa. Commonwealth Ct. 307, 499 A.2d 706 (1985), *quoting Hydro-Flex, Inc. v. Alter Bolt Company, Inc.,* 223 Pa. Superior Ct. 228, 296 A.2d 874 (1972).

The medical report in this case allegedly states that Adams would be unable to perform his duties because of his back ailments. The School District submitted the report of their own physician which stated substantially the same thing; therefore, this report is merely cumulative. Furthermore, it does not appear that this report could not have been obtained for trial in the exercise of due diligence, because a doctor's report could have been obtained at any time. Neither would this report necessarily compel a different result. The arbitrator already had before him a report stating that Adams was unable to perform the duties of a custodian. A second report would not necessarily change the position of the arbitrator. Therefore, the School District has not met the standards necessary to necessitate the granting of a new trial.

Accordingly, we affirm the trial court's decision and deny the School District's application for remand.

ORDER

AND NOW, December 10, 1986, the order of the Court of Common Pleas of Schuylkill County, dated July 9, 1985, No. S-778-1983, is hereby affirmed, and the Appellant's Application for Remand for Additional Testimony is denied.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent, and would reverse the trial court because the entire award of the arbitrator should be set aside.

An arbitrator's award, based on an interpretation of a collective bargaining agreement, must be accepted by the court if the interpretation can in any rational way be derived from the agreement,[1] viewed in light of its language and context and any other indicia of the parties' intent. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). Further, the arbitrator's award must be a reasonable interpretation of the agreement. *Philadelphia Housing Authority v. Union of Security Officers # 1*, 500 Pa. 213, 455 A.2d 625 (1983).

In the instant case, the School District had a standard policy which required employees to undergo a physical examination to determine whether they could perform the duties associated with the position sought. Accordingly, Stanley Adams was required to undergo a

---

[1] The specific contractual provisions of the arbitration agreement at issue are as follows:

*Section 7. Just Cause Provision*

No member of the bargaining unit shall be disciplined, reprimanded, reduced in rank or compensation, or deprived of any advantage unless provided for in the laws of the Commonwealth of Pennsylvania.

All information forming the basis for disciplinary action related to a grievance filed under this Article will be made available to the aggrieved bargaining unit member(s) and the Association.

D. *Authority of Arbitrator*

The arbitrator shall restrict his decision to the interpretation of the Contract. He shall be without authority to add to, extend, modify, change in any way, alter, or subtract in any way the provisions of this agreement. In his award the arbitrator will set forth his findings of facts and conclusions of law.

Although the above provisions were included in the reproduced record, we deplore the failure of counsel in this case to provide the Court with the entire agreement for our review on appeal.

physical examination upon applying for a full-time position as a custodian. It is unreasonable to conclude that the School District, by agreeing to Section 7 of the agreement[2], intended to bargain away its right to enforce this policy. The arbitrator's award renders the School District's policy moot and requires the School District to maintain, as custodian, someone who is not physically able to perform the duties of that position.

I conclude that the School District did not bargain away its right to enforce the policy of requiring physical examination. Accordingly, I would reverse the trial court and set aside the award of the arbitrator.

_____

[2] *See* Section 7 above.