**FLIGHT SYSTEMS, Plaintiff,**

v.

**PAUL A. LAURENCE CO., Defendant.**

**PAUL A. LAURENCE CO., Plaintiff,**

v.

**FLIGHT SYSTEMS, Defendant.**

**Civ. A. Nos. 88–2651 SSH, 88–2846 SSH.**

United States District Court,
District of Columbia.

May 24, 1989.

Robert C. Zimmer, Washington, D.C., for Flight Systems.

Paul W. Killian, Vienna, Va., for Paul A. Laurence Co.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

On September 20, 1988, Flight Systems petitioned the Court to vacate or modify an arbitration award decided by a panel of the American Arbitration Association in Paul A. Laurence Company's (hereinafter PALCO) favor. On October 3, 1988, not having received notice of Flight Systems' petition, PALCO petitioned the Court to confirm the arbitration award. The two petitions were consolidated.

### Background

PALCO, a Minnesota corporation, contracted with Flight Systems, a Pennsylvania metal fabrications supplier, for the furnishing of various metals and structural steel in connection with a Regional Water Reclamation Plant Expansion project for the Upper Occoquan Sewage Authority, located in Centreville, Virginia. A dispute arose concerning certain additional work and materials. Both parties agreed that the dispute would be submitted to the American Arbitration Association (AAA) in accordance with the rules established by the AAA for construction disputes and in accordance with Virginia law.

In addition to agreeing to a final resolution by arbitration, both parties agreed that Flight Systems would complete the project and would deliver the material in dispute. In response, PALCO would pay half of the total price of the material, $56,390.50. If Flight Systems prevailed in the arbitration, PALCO would pay Flight Systems the re-maining $56,390.50. If PALCO prevailed, Flight Systems was to return PALCO's payment.

Arbitration hearings were held by the AAA's Construction Industry Arbitration Tribunal in Washington, D.C., on June 2 and 3, 1988. On June 17, 1988, the AAA decided in favor of PALCO and ordered Flight Systems to return the $56,390.

Flight Systems did not pay PALCO in accordance with the arbitration award. Instead, on September 16, 1988, five months after agreeing to settle the dispute by arbitration and two months after the award was issued, Flight Systems contacted a former employee, Stephen Diehl, who had formulated Flight Systems' bid. Flight Systems showed Diehl a document that PALCO presented during the arbitration. Based on that document, Diehl recalled details which Flight Systems alleges materially affect the subject of the arbitration. As a result, Flight Systems petitioned this Court to vacate the arbitration award. Flight Systems premised its petition on the fact that the arbitrators, by not having access to the information provided by Diehl, made an evident mistake which greatly prejudiced Flight Systems.

Meanwhile, PALCO, after corresponding with Flight Systems to no avail and being without notice of Flight Systems petition to vacate, instituted action in this Court to confirm the arbitration award. PALCO's and Flight Systems' petitions are now consolidated.

### Discussion

The parties' petitions present several issues: (1) Should the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, or Virginia arbitration law, Virginia Code § 8.01–581.01 *et seq.*, apply in determining the validity of the arbitration award; (2) under the applicable law, does Flight Systems' "new evidence" argument justify vacating or modifying the arbitration award; (3) was Flight Systems' petition timely; and (4) if Flight Systems' petition is denied, should the Court grant PALCO's petition, thus affirming the arbitration award.

*Choice-of-law*

PALCO claims that because the contract involves interstate commerce, the Federal Arbitration Act (FAA) applies. Flight Systems contends that Virginia arbitration law controls, rather than the FAA.

█ The question whether the FAA displaces state law in transactions involving interstate commerce, even when the parties have agreed to arbitrate in accordance with state law, has been in debate.[1] Recently, however, the Supreme Court decided the issue in *Volt Information Science, Inc. v. Board of Trustees of the Leland Stanford Junior University,* — U.S. ——, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In *Volt,* the parties, who were involved in interstate commerce, contracted to arbitrate all disputes between the parties arising out of breach of contract. The contract also contained a choice-of-law clause, similar to the one used in this case, providing that the contract would be governed by the law of the place where the project involved was located. When a dispute arose, Volt made a formal demand for arbitration, and Stanford filed an action in California Superior Court, asking that the arbitration be stayed pursuant to Cal.Civ.Proc.Code Ann. § 1281.2(c).[2] In response, Volt asked the Court to compel arbitration. The Superior Court denied the motion to compel and stayed the arbitration proceeding pending the outcome of the litigation. The California Court of Appeals affirmed. The California Supreme Court denied Volt's petition

for discretionary review, and eventually the choice-of-law issue was entertained by the Supreme Court. The Court held that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt,* 109 S.Ct. at 1254. State law, the Supreme Court said, may be preempted to the extent that it actually conflicts with federal law and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 1255 (quoting *Hines v Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)). However, it does not follow, the Supreme Court stated, that "the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself ... parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate ... so too may they specify by contract the rules under which that arbitration will be conducted." *Id.* Thus, given the FAA's mandate that courts enforce privately negotiated agreements to arbitrate in accordance with their terms as long as those terms are consistent with the goals of the FAA and the recent *Volt* decision, the Court finds that it should apply Virginia law. The parties contracted under the laws of Virginia, agreed to arbitration under the laws of Virginia, and the applicable Virginia law does not directly conflict with the goals of the FAA.[3] Therefore, the

---

1. Although the United States Court of Appeals for the District of Columbia Circuit has not addressed this issue, many of its sister circuits have. They principally relied on *Southland Corp. v. Keating,* 465 U.S. 1, 14–16, 104 S.Ct. 852, 860–61, 79 L.Ed.2d 1 (1984). In *Southland,* the Supreme Court ruled that the scope of review of an arbitrator's decision is a matter of substantive law. In light of the *Southland* decision, numerous courts held that federal arbitration law preempts state law even if the contract included a choice-of-law provision. *See New England Energy, Inc. v. Keystone Shipping Co.,* 855 F.2d 1, 4 n. 2 (1st Cir.1988); *Apex Fountain Sales, Inc. v. Kleinfeld,* 818 F.2d 1089 (3rd Cir. 1987); *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas,* 797 F.2d 238, 243–244 (5th Cir.1986); *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.,* 625 F.2d 22, 25–26 n. 8 (5th Cir.1980); *Accord, Commonwealth Edison Co. v.*

*Gulf Oil Corp.,* 541 F.2d 1263 (7th Cir.1976); *Collins Radio Co. v. Ex–Cell–O Corp.,* 467 F.2d 995 (8th Cir.1972); *Foster v. Turley,* 808 F.2d 38, 40 (10th Cir.1986).

2. Cal.Civ.Proc.Code Ann. § 1281.2(c) (West 1982) permits a court to stay arbitration pending resolution of related litigation between a party to the arbitration agreement and third parties not bound by it, where "there is a possibility of conflicting rulings on a common issue of law or fact." *See Volt* 109 S.Ct. at 1251.

3. The applicable Virginia Code sections are 8.01–581.010 and 8.01–581.011. The pertinent part of § 8.01–581.010 states that:
   Upon application of a party, the court shall vacate an award where:
   1. The award was procured by corruption, fraud or other undue means;

Court applies the Virginia Arbitration Act and not the FAA in analyzing Flight Systems' motion to vacate and PALCO's motion to confirm.[4]

### Review of the Arbitration Award

Flight Systems claims that because the arbitrators did not get a chance to hear Mr. Diehl's statements, the arbitration award was "based on terms and conditions other than those set forth in the contract, and as such, represents an evident mistake or abuse of discretion by the panel of arbitrators and must be modified or corrected...."[5] To support this position, Flight Systems relies upon two arguments. First, Flight Systems contends that the award represents an abuse of discretion because the arbitrators did not set a discovery schedule, hold a preliminary hearing, or require the parties to submit discovery and documents prior to the arbitration. Second, using an analogy of granting a new trial, Flight Systems argues that the award represents an evident mistake because the arbitrators did not view the evidence which was later supplied by Mr. Diehl.[6]

■ Neither of Flight Systems' arguments justifies vacating the arbitration award. First of all, an arbitration panel is not subject to the more rigid procedural mechanisms that courts are. Arbitration panels have great discretion and courts have narrow review of their actions and decisions. *See, e.g., Washington–Baltimore Newspaper Guild v. Washington Post Co.,* 442 F.2d 1234, 1239 (D.C.Cir. 1971); *City of Fairbanks Municipality Utilities System v. Lees,* 705 P.2d 457 (Alaska 1985) (arbitration should be a final and binding means of dispute resolution, and courts should follow a policy of minimal interference with arbitration), *reh'g denied, Id.; AFSCME Council 65, Local Union No. 667, Aitkin County Courthouse Employees, AFL–CIO v. Aitkin County,* 357 N.W.2d 432 (Minn.App.1984) (the role of the trial court in reviewing arbitration cases under Minnesota's variation of the Uniform Arbitration Act is severely limited). The fact that the arbitration panel did not set a discovery schedule does not put its actions in the area of misconduct.

2. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;
3. The arbitrators exceeded their powers;
4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 8.01–581.04, in such a way as to substantially prejudice the rights of a party; or
5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 8.01–581.02 and the party did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award....

Section 8.01–581.011 states that:
Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
2. The arbitrators have awarded upon a matter not submitted to them and the award may

be corrected without affecting the merits of the decision upon the issues submitted; or
3. The award is imperfect in a matter of form, not affecting the merits of the controversy.
If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made. An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

Compare the applicable sections of the FAA, which are 9 U.S.C. §§ 10 and 11. The Virginia Arbitration Act is similar in form and intent.

4. Virginia, as is discussed *infra,* recently has adopted the Uniform Arbitration Act. (Virginia's prior arbitration law was repealed in 1986 and replaced by the Uniform Arbitration Act, which Virginia adopted almost verbatim.)

5. Petition to Vacate and/or Modify Arbitration Award, ¶ 25.

6. Flight Systems states that it seems probable that if a court of record, as opposed to an arbitration panel, had heard the dispute, the court would set aside the verdict based upon the new information supplied by Mr. Diehl.

Flight Systems does not allege any facts which might lead the Court to believe that Flight Systems did not have adequate notice or time to conduct discovery, that the panel refused to hear evidence, or that Flight Systems was denied a fair hearing. Furthermore, Flight Systems did not bring up any problems with the arbitration panel's conduct at the time of the arbitration hearings, nor did Flight Systems request the arbitrators to postpone proceedings so that Flight Systems could conduct further discovery. Flight Systems does not offer, nor can the Court find, any case law which would allow the Court to overturn an arbitration decision based on the facts presented.

■ Second, Flight Systems relies on invalid case law in its argument that the award should be vacated based on a new trial analogy. There is Virginia case law, dating back to 1874, that applies the rules governing courts of equity in arbitration litigation. The cases allow the awarding of a new trial based on the ground of new evidence. *Adams v. Hubbard*, 66 Va. 129 (25 Gratt. 1874). However, Virginia recently repealed Va.Code § 8.01–580, which codified the law on which the early cases had relied.[7] In its place, Virginia adopted, almost verbatim, the Uniform Arbitration Act. Case law in other states which have adopted the Uniform Arbitration Act have declined to vacate an award based on similar claims of new evidence. *See e.g., Wilks v. American Bakeries Co.*, 563 F.Supp. 560 (D.N.C.1983); *AFSCME Council 65, Local Union No. 667, Aitkin County Courthouse Employees, AFL–CIO v. Aitkin County, supra; Minersville Area School Dist. v. Minersville Area School Service Personnel Ass'n*, 518 A.2d 874, 102 Pa.Commw.Ct. 409 (1986). In addition, cases decided under the FAA, which is very similar to the Uniform Arbitration Act, have not allowed an arbitration decision to be vacated on a claim of new evidence. *See Washington–Baltimore Newspaper Guild v. The Washington Post Co.*, 442 F.2d at 1236–37.[8] Flight Systems and PALCO agreed to arbitrate in April 1987. This places their arbitration under the recent Virginia Code. Given the precedent set by other states which adopted the Uniform Arbitration Act prior to Virginia, it may be inferred that Virginia adopts those courts' extreme hesitance to vacate an arbitration agreement on the bases of after discovered evidence. Therefore, this Court denies Flight Systems' motion to vacate based on the claim of new evidence.

Moreover, since Diehl was employed by Flight Systems and Flight Systems knew or should have known that Diehl worked on the original negotiations with PALCO, it is reasonable to assume that Flight Systems could have contacted Diehl prior to the arbitration hearing. Flight Systems does not claim that the arbitration panel refused to hear from Diehl, or that he was unavailable to Flight Systems prior to the arbitration. This strengthens the Court's determination that Flight Systems' argument is unpersuasive.[9]

Flight Systems also fails to present the Court with any evidence of an "evident" miscalculation or mistake as set forth is Va.Code § 8.01–581.011. This is not a case in which the arbitration award the bound-

---

**7.** Va.Code § 8.01–580 (1984) (now repealed) stated:

> No such award shall be set aside except for errors apparent on its face, unless it appear (*sic*) to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

*Adams v. Hubbard* held that when a party sought to overturn an arbitration based on after-discovered evidence, the rules governing courts of equity in awarding new trials in actions of law applied.

**8.** *See also, LeFarge Conseils Et Etudes v. Kaiser Cement*, 791 F.2d 1334, 1339 (9th Cir.1986); *Teamsters Union Local No. 115 v. Desoto, Inc.*, 725 F.2d 931 (3rd Cir.1984); *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310 (7th Cir.1981); *Lashco, Inc. v. Erickson*, 700 F.Supp. 960 (N.D. Ill.1988).

**9.** *See Minersville Area School Dist. v. Minersville Area School Service Personnel Ass'n*, 102 Pa. Commw.Ct. 409, 518 A.2d 874 (1986) for a similar instance where a court refused to grant a new trial when the evidence could have been discovered prior to arbitration.

ary lines of a property were inadvertently mismarked, a mathematical mistake made, a name misspelled, or some similar circumstance in which the Court could actually "correct" the award. *See, e.g., City of Fairbanks Municipality Utilities System v. Lees, supra* (error must be manifestly clear in order for a court to modify or correct award); *Cyclone Roofing Co. v. LaFave Co.,* 312 N.C. 224, 321 S.E.2d 872 (1984) (only awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators' exceeding their authority may be modified or corrected); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter,* 41 N.C.App. 407, 255 S.E.2d 414 (N.C.Ct.App.1979) (legislators meant only to address mistakes such as mathematical errors which would be patently clear to a reviewing court). Thus, the Court concludes that given the circumstances, the arbitration award was not an abuse of discretion, nor does it represent an evident mistake; therefore, Flight Systems' petition must be denied.

### Timeliness of Flight Systems' Petition

■ Notwithstanding the foregoing discussion, one additional matter should be dealt with. Even if Flight Systems had a legally cognizable claim to vacate the arbitration award, Flight Systems' petition could not be granted because Flight Systems did not comply with the applicable time period set forth in Virginia Code § 8.01–581.011.

Flight Systems filed its petition to vacate on September 20, 1988, 93 days after the award was issued and mailed. PALCO was not given notice of the motion to vacate until October 13, 1988, three months and 26 days after the arbitration award was mailed. Section 581.011 of the Virginia Arbitration Act states that an application to modify or correct an award must be made "within ninety days after delivery of a copy of the award to the applicant." Va.Code 8.01–581.011 (Cum.Supp.1988). While the Court was unable to find any case applying Virginia arbitration law which defines "delivery," Rule 45 of the American Arbitration Association defines delivery as occurring upon mailing. Both parties agreed that the arbitration would be in accordance with the rules of the AAA and Virginia law. The award was mailed on June 20, 1988. September 20, 1988, was 92 days after the mailing of the award. Thus, it appears that Flight Systems' petition was late under the contractual agreement to apply Virginia law in correlation with the Rules of the National Arbitration Association.

Since failing to comply with the statutory period for petitioning to vacate constitutes a waiver of one's right to petition to vacate, Flight System's untimeliness is fatal. *See, e.g., Bingham County Com'n v. Interstate Electric Co., a Division of the L.E. Myers Co.,* 105 Idaho 36, 665 P.2d 1046 (1983) (a party must meet the 90–day statutory requirement; failure to comply with the time limit raises an absolute bar to the motion to vacate); *Schroud v. Van C. Argiris & Co.,* 78 Ill.App.3d 1092, 34 Ill.Dec. 428, 398 N.E. 2d 103 (1 Dist.1979) (a court cannot extend the 90–day period in which the complaint for vacation of award must be filed). Therefore, even if Flight Systems had presented valid reasons to vacate the award, the Court properly could not consider its motion since it was untimely.

### Resolution of PALCO'S Petition to Confirm

■ Remaining before the Court is PALCO's petition to confirm the arbitration award. Virginia Code § 8.01–581.09 states that a court "shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 8.01–581.010 and 8.10–581.011." Pursuant to both §§ 8.01–581.010 and .011, the Court is required to confirm the award if the application to vacate or modify is denied. Since it has been determined that Flight Systems' petition to vacate or modify was not meritorious or timely, the Court is obliged to confirm the arbitration award. However, since the Court finds no bad faith on Flight Systems' part, PALCO's request for attorney fees and interest on the award is denied.

Accordingly, Flight Systems' petition to vacate is denied and PALCO's petition to confirm is granted, each party to bear its own costs.