LEHIGH COUNTY COMMUNITY COLLEGE FACULTY ASSOCIATION and Haru Hirama, Appellants,

v.

LEHIGH COUNTY COMMUNITY COLLEGE, Appellee.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.
Decided Dec. 4, 1990.
Publication Ordered Jan. 9, 1995.

**48**

A. Martin Herring, for appellants.

Edward H. Feege, David L. Frank and Jeffrey M. Zimskind, for appellee.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Lehigh County Community College Faculty Association (Association) and Dr. Haru Hirama (Hirama) appeal from an order of the Court of Common Pleas of Lehigh County granting a petition for review of an arbitrator's award filed by Lehigh County Community College (College) and affirming the decision of the College to impose a disciplinary suspension of ten days without pay upon Hirama. The sole issue in this appeal is whether the arbitrator, in deciding a grievance, exceeded his authority under a collective bargaining agreement by reducing Hirama's disciplinary suspension from ten days to one day. The order of the trial court is affirmed.

On March 22, 1988, Hirama, Coordinator of the Occupational Therapy Assistance Program at the College, sent a letter to the chairman of the State Board of Occupational Therapy declining his invitation to attend a Board meeting. In her letter, Hirama criticized the College, one of its deans, and the Occupational Therapy Assistance Program. On April 6, 1988, the College notified Hirama in writing that she would be suspended for ten days without pay because her letter demonstrated "a grave lack of judgment . . .

constitut[ing] serious insubordination." Arbitrator's Exhibit 2. On April 12, 1988 the Association, as certified collective bargaining representative of College professional staff, filed a formal faculty grievance on behalf of Hirama against the College. The grievance alleged that the College, in its decision to suspend Hirama, violated the collective bargaining agreement to which the Association and the College were parties.[1] The grievance proceeded to arbitration where the arbitrator determined that although there was just cause to discipline Hirama, the ten-day suspension was excessive, and accordingly, reduced it to one day. The College filed a petition for review of the arbitrator's award in the Court of Common Pleas of Lehigh County which vacated the award and reinstated the ten-day suspension without pay on grounds that the arbitrator exceeded his authority in modifying the suspension, and thereby, violated Article XII(I) of the Collective Bargaining Agreement.[2] This appeal follows.

 This Court's scope of review is limited to determining whether the arbitrator's decision draws its essence from the collective bargaining agreement. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). Under the "essence test" a court is confined to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). Thus, this Court has held that where an arbitrator's interpretation of a collective bargaining agreement can be in any way rationally derived from that agreement, the arbitrator's decision draws its essence from the agreement and shall not be disturbed by a reviewing court. *Aliquippa Education Ass'n. v. School District of Borough of Aliquippa*, 63

---

1. The grievance specifically alleged the College's violation of Article X on academic freedom and Article XIII on termination for just cause.

2. Article XII(I) of the Collective Bargaining Agreement provides:

The arbitrator shall consider only the precise issue submitted for arbitration, and shall have no authority to determine any other issue or question not so submitted, nor shall observations or declarations of opinion not essential to the reaching of the determination be submitted.

Pa.Commonwealth Ct. 91, 437 A.2d 1039 (1981).

■ The Association and Hirama argue that the arbitrator's decision in the present case draws its essence from the Collective Bargaining Agreement. They contend that the arbitrator, in reducing Hirama's disciplinary suspension from ten days to one day, did not exceed his authority under the agreement because he fashioned a remedy based upon his rational interpretation of that agreement. This Court does not agree.

Article XII(I) of the Collective Bargaining Agreement limits the authority of the arbitrator to decide only the precise issues submitted for arbitration. The Association and the College stipulated that the issues for arbitration were (1) whether Hirama was suspended for just cause; and (2) if not, what was the proper remedy. The arbitrator decided the first issue in the affirmative and was not, under Article XII(I) of the Collective Bargaining Agreement, authorized to decide the second issue. Thus, in formulating a new remedy after finding just cause for Hirama's suspension, the arbitrator exceeded his authority under the Collective Bargaining Agreement. Hence, it can not be said that his decision draws its essence from that agreement.

Under *Philadelphia Housing Authority v. Union of Security Officers*, 500 Pa. 213, 455 A.2d 625 (1983), an arbitrator who exceeds his authority under a collective bargaining agreement, by modifying disciplinary action taken by an employer, fails to give reasonable interpretation to that agreement. In that case, the arbitrator found that a discharged employee, a security officer for the Philadelphia Housing Authority, defrauded an elderly tenant of the housing project where the officer worked, and lied to his employer during the investigation of the officer's conduct. Notwithstanding these findings, the arbitrator reinstated the employee under the belief that loss of back pay during the employee's suspension for the same offense was "sufficient punishment." *Id.* at 215, 455 A.2d at 626. The Pennsylvania Supreme Court, in vacating the arbitrator's award, ruled that the arbitrator lacked authority to modify the disciplinary action tak-

en because such modification "was unjustified by any terms that were or could have been properly contemplated by the parties to the collective bargaining agreement." *Id.* at 216, 455 A.2d at 627. Express terms of the collective bargaining agreement in the present case evince the specific intent of the Association and the College to restrict arbitration, and thus the arbitrator's decision to reduce Hirama's suspension is unjustified.

In *Pennsylvania Liquor Control Board v. Independent State Stores Union*, 520 Pa. 266, 553 A.2d 948 (1989), it was found that in the matter of a grievance of a dismissed employee of the Liquor Control Board, where the parties stipulated that the only two issues for arbitration were (1) whether the grievant was dismissed for just cause; and (2) if not, what the remedy should be, the arbitrator's inquiry had to close and the action of the agency had to be accepted once it was established that the record reflected that there was just cause for the action taken. The court concluded that if just cause for the action was present, any further effort on the part of the arbitrator to disturb the agency's disciplinary action can not be said to flow from the essence of the bargaining agreement nor can it in any rational way be derived from that agreement. *Id.* at 274, 553 A.2d at 952. In finding that the arbitrator exceeded his authority under the agreement, the court deemed it "manifestly unreasonable" that the arbitrator would conclude that the agency bargained away its responsibility and power to discipline wayward employees. *Id.* at 277, 553 A.2d at 954. *See County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988), which held that an arbitrator was without authority to reduce employee discharge to suspension where, under the terms of collective bargaining agreement, once the arbitrator determined that just cause existed for the employer to discipline the employee, sanction selected by employer was not subject to modification by arbitrator. Similarly, after the arbitrator in the present case found just cause for Hirama's suspension, the College's decision that it last ten days was not subject to modification.

The Association and Hirama seek to distinguish that line of cases which requires an

arbitrator to defer to the employer's judgement in selecting the appropriate sanction once the arbitrator has determined that there is just cause for disciplinary action. They contend that the collective bargaining agreements in those cases either exclusively reserved the right of employee discipline to the employer or enumerated punishable offenses and corresponding sanctions, and therefore the cases are distinguishable because the Collective Bargaining Agreement in the present case does not contain such provisions. This Court finds no tenable distinction. The Collective Bargaining Agreement between the Association and the College specifies arbitrable issues as those precise questions presented to the arbitrator. This expression of the parties' intent is no less controlling than the detailed provisions of collective bargaining agreements before the court in *Philadelphia Housing Authority, Independent State Stores,* or *Musser.*[3]

This Court has held that "[a]rbitrators have broad powers in the fashioning of remedies." *United Transportation Union, Local 1594 v. Southeastern Pennsylvania Transportation Authority,* 28 Pa.Commonwealth Ct. 323, 327, 368 A.2d 834, 836 (1977). That power, however, is not unbridled. The arbitrator's reduction of Hirama's suspension was "made in manifest disregard of the collective bargaining agreement," and therefore this Court can not reinstate that award. *North East Education Ass'n. v. North East School District,* 117 Pa.Commonwealth Ct. 19, 25, 542 A.2d 1053, 1056 (1988).

### ORDER

AND NOW, this 4th day of December 1990, the order of the Court of Common Pleas of Lehigh County, dated November 14, 1989, reinstating the ten-day disciplinary suspension without pay upon Dr. Haru Hirama, is hereby affirmed.

---

3. Counsel for the Association and Hirama asserted at argument that this Court has rejected the holdings of *Independent State Stores* and *Musser* in *American Federation of State, County and Municipal Employees, District Council 88 v. City of*

*Reading,* 130 Pa.Commonwealth Ct. 575, 568 A.2d 1352 (1990). This Court does not read *City of Reading* as a repudiation of the well-established principles in *Independent State Stores* and *Musser.*