**Norman D. HOLM and NDH, Inc.,
a Minnesota corporation,
Appellants,**

v.

**CASINO RESOURCE CORPORATION,
f/k/a Rubidell Recreation, Inc., a/k/a
Casino Resources, Inc., f/k/a Tecton
Corporation, f/k/a Symbio Dynamics
Corporation, f/k/a Yoga Youthful Corporation, f/k/a Cosmopolitan Health
Spas, Inc., Respondent.**

No. C1–01–216.

Court of Appeals of Minnesota.

July 30, 2001.

Jonathan N. Jasper, Jasper & Walker, P.L.L.C., Anoka, for appellants.

Kyle E. Hart, Julie A. Doherty, Aaron A. Dean, Fabyanske, Westra & Hart, P.A., Minneapolis, for respondent.

Considered and decided by R.A. RANDALL, Presiding Judge, BRUCE D. WILLIS, Judge and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants challenge the district court's denial of their motion to vacate an arbitration award and denial of their motions for reconsideration arguing that (1) the district court ignored Minn. R. Civ. P. 6.05 and, as a result, miscalculated the filing deadline; (2) they established, under Minn. R. Civ. P. 60.02(a), "excusable neglect" of counsel; and (3) the motion to vacate was brought within 90 days after appellants discovered fraudulent behavior. Because we conclude that Minn. R. Civ. P. 6.05 applies to a motion to vacate an arbitration award under Minn.Stat. § 572.19, subd. 2 (2000), when the arbitration award is delivered by mail in accordance with Minn.Stat. § 572.15(a) (2000), we reverse and remand for a hearing on the merits.

## FACTS

In 1988, appellants Norman D. Holm and NDH Inc., and respondent Casino Resource Corporation entered into a contract to develop a campground property known as "Pintail Woods." The contract provided an indemnification right for "legitimate" claims for goods and services ordered by or provided to respondent in connection with the development. The contract also had an arbitration clause: if the parties could not agree that a claim was "legitimate," the contract required them to arbitrate the dispute according to the rules of the American Arbitration Association (AAA).

Appellants sought indemnification for $158,000 in claims relating to the development, but respondent refused to pay. In 1992, appellants filed a demand for arbitration against respondent with the AAA. The demand was dismissed. In 1998, appellants brought a motion in district court to compel arbitration against respondent; the district court granted appellants' motion.

In July 1999, appellants filed another demand for arbitration with the AAA. After both parties objected to several proposed arbitrators, the parties agreed that John L. Devney, a shareholder at the law firm of Briggs & Morgan, would be appointed as arbitrator. The arbitrator conducted hearings over three days in April 2000. After the hearings, both parties submitted memoranda and proposed findings. The arbitrator's award, issued June 2, 2000, granted appellants $23,775.25 and denied attorney fees and interest. The AAA mailed the award to the parties on June 5, 2000. Neither party argues that the mailing of the arbitration award violated Minn.Stat. § 572.15(a) (2000), which provides, among other things, that an arbitrator shall deliver a copy of the award to

each party personally or by certified mail, or as provided in the agreement.

On September 6, 2000, appellants served a motion to vacate, arguing that, among other things, the arbitrator failed to disclose a prior personal and professional relationship with the named partners at respondent's law firm, Fabyanske, Westra & Hart. Appellants asserted that the arbitrator had worked closely with B.C. Hart, a partner at Briggs & Morgan, for 11 years. Hart's son, Kyle, represented respondent in these arbitration proceedings.

The district court denied appellants' motion to vacate, holding that the motion was untimely. The district court further concluded that Minn. R. Civ. P. 6.05, which, when a party has a prescribed period to do something after being served, adds three days to the prescribed period when the notice or papers are served by mail, did not apply.

Appellants filed motions for reconsideration. Appellants asserted that an unpublished Minnesota Court of Appeals decision, found persuasive by the district court, had been reversed by the Minnesota Supreme Court. Alternatively, appellants moved to vacate the motion for excusable neglect of counsel under Minn. R. Civ. P. 60.02(a). The district court denied both motions. The district court responded to the reversal of the unpublished opinion by deleting all references to that case from its order. In concluding that Minn. R. Civ. P. 60.02(a) was inapplicable to this case, the district court stated:

I do believe quite strongly that the arbitration involved here is not a 114 arbitration * * * and that if the [motion to vacate the award] had been filed on the 89th day, we would then be talking about all the General Rules, 60.02; 6.0[5] * * *. But because this Court never got jurisdiction, I don't look at those rules, I

look at the statute, I look at the case law * * *.

As support for its decision, the district court cited *Component Sys., Inc. v. Murray Enters.*, 300 Minn. 21, 24–25, 217 N.W.2d 514, 516 (1974) (holding that motions to vacate arbitration awards are absolutely barred if not brought within the 90 day statutory period). This appeal was taken from the district court's order denying appellants' motion to vacate as well as appellants' motions for reconsideration. *See In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989) (stating that an order granting a motion to dismiss on the ground of lack of jurisdiction is appealable).

## ISSUE

Did the district court err by failing to apply Minn. R. Civ. P. 6.05 when considering appellants' motion to vacate the arbitration award?

## ANALYSIS

■ Appellants contend that the district court erred by failing to apply rules 6.05 and rule 60.02(a) of the Minnesota Rules of Civil Procedure when considering the timeliness of their motion to vacate the arbitration award. "We review de novo the construction of a rule of court procedure." *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn.2000) (citation omitted).

■ The Minnesota Rules of Civil Procedure "govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81." Minn. R. Civ. P. 1. Rule 81.01(a) states that the

rules do not govern pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules.

*Id.* Rule 81.01(c) states that, subject to 81.01(a), all statutes "inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice, and procedure in the district court." Minn. R. Civ. P. 81.01(c). Appendix A to the Minnesota Rules of Civil Procedure is entitled "Special Proceedings Under Rule 81.01" and lists proceedings excepted from the rules of civil procedure "insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules." Chapter 572, the Minnesota Arbitration Act, is not among the statutes listed in Appendix A. The list of excepted statutes contained in Appendix A of the rules, however, is not exclusive. *Peterson v. Peterson,* 308 Minn. 297, 304 n. 3, 242 N.W.2d 88, 93 n. 3 (1976). "Regardless, the Minnesota Supreme Court has rejected the notion that district court review of an arbitration award is a special proceeding rather than an ordinary civil action." *Leek v. American Express Property Cas.,* 591 N.W.2d 507, 510 (Minn.App.1999), *review denied* (Minn. July 7, 1999) (citing *Pulju v. Metropolitan Property & Cas.,* 535 N.W.2d 608, 608–09 (Minn.1995) (reversing this court's determination that district court review of arbitration is "special proceeding" pursuant to Minn. R. Civ.App. P. 103.03(g))). We conclude that the Minnesota Rules of Civil Procedure apply to Chapter 572 of the Minnesota statutes.

We next look to rule 6.05 of the Minnesota Rules of Civil Procedure to resolve this matter. Rule 6.05 provides that whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon the party, and the notice or paper is served upon the party by mail, three days shall be added to the prescribed time period. Minn. R. Civ. P. 6.05. In declining to apply rule 6.05 to this case, the district court relied on commentary from *Minnesota Practice* § 6.8, which

states that under rule 6.05, a statutory deadline is extended by an additional three days where a party has a right to respond and the notice of judgment or similar document is mailed to a party, but does not apply if a time period runs from *the date of filing. See* 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 6.8 (1998) (explaining the rule). The district court compared the "delivery" of an arbitration award to the filing of an award and concluded that rule 6.05 did not apply.

■■■■ We disagree with the district court's reasoning. Rule 6.05 provides that a statutory deadline is extended by three days where a party has a right to respond to documents served to a party by mail. *Id.* Appellants clearly had the right to do something—in this case file a motion to vacate—within 90 days after delivery of the award. *See* Minn.Stat. § 572.19, subd. 2 (2000) (requiring that a motion to vacate be brought within 90 days after "delivery" of an arbitration award). It is undisputed that the arbitration award was delivered to appellants by mail. Rule 5.02 of the Minnesota Rules of Civil Procedure provides that "service by mail is complete on mailing." The term "service" used in rule 6.05 is analogous with the term "delivery" found in Minn.Stat. § 572.19, subd. 2. Thus, we conclude that delivery of the arbitration award occurred when the decision was mailed on June 5, 2000. Because appellants received a decision in the mail and had a right to respond within a specific time period, it is necessary to add three days to the 90 day statutory period under Minn.Stat. § 572.19, subd. 2. The prescribed time period to file the motion to vacate the arbitration award would then expire 93 days after the decision was mailed on June 5, 2000, which was September 6, 2000, the day the motion was served.

*Wilkins v. Glencoe,* 479 N.W.2d 430 (Minn.App.1992) is useful in analyzing this dispute. In *Wilkins,* a party removing an action from conciliation court to district court argued that it had three extra days to file the removal action under rule 6.05, because the judgment and notice of judgment were received by mail. *Id.* at 431. This court agreed, stating:

> This case is distinguished from other proceedings which are not governed by Minnesota Rules of Civil Procedure pursuant to Minn. R. Civ. P. 81.01 when the rules are inconsistent with statutory provisions. Those provisions are listed in Appendix A of the rules. For example, eminent domain proceedings under chapter 117 are not governed by the rules when inconsistent. Minn. R. Civ. P. 81.01(a); Appendix A. However, conciliation court proceedings are not listed in Appendix A. Therefore there is no exception and the Minnesota Rules of Civil Procedure apply.

*Id.*

Using this court's reasoning from *Wilkins,* we conclude that the district court erred by failing to apply rule 6.05 when considering appellants' motion to vacate, brought under Minn.Stat. § 572.19, subd. 2. We further conclude that appellant's motion to vacate the arbitration award was timely because it was served 93 days from delivery of the award. Therefore, we remand this issue to district court for a hearing on the merits.

Respondent argues that the federal district court in *In Flight Sys. v. Paul A. Laurence Co.,* 715 F.Supp. 1125 (D.D.C. 1989), concluded that the Virginia version of rule 6.05 did not apply to a motion to vacate an arbitration award. *Id.* at 1130. But the federal district court in that case looked to internal AAA rules governing the "delivery" of an arbitration award and concluded that "delivery" occurs when the award is placed in the mail. *Id.* Contrary to respondent's belief, *In Flight Sys.* did not determine whether the rules of civil procedure apply to a motion to vacate an arbitration award.

Appellants alternatively argue that the motion to vacate should be heard on its merits because they established, pursuant to Minn. R. Civ. P. 60.02(a), "excusable neglect" of counsel and because the motion was brought within 90 days after they discovered fraudulent behavior. Because we conclude that the district court erred in failing to apply Minn. R. Civ. P. 6.05 to this case, we need not reach appellants' alternative arguments.

## DECISION

The district court erred in not applying Minn. R. Civ. P. 6.05 to the 90 day calculation for filing a motion to vacate an arbitration award pursuant to Minn.Stat. § 572.19, subd. 2 (2000), when appellants received the arbitration award by mail in accordance with Minn.Stat. § 572.15(a) (2000).

**Reversed and remanded.**